REQUESTED BY: Brian C. Silverman Scotts Bluff County Attorney
Will the language of Nebraska Laws 1982, LB 568 § 3, prohibit a sentencing court from placing a person found guilty of a violation of Neb.Rev.Stat. § 39-669.07 (Reissue 1978) on probation?
No.
Nebraska Laws 1982, LB 568 § 3, amends § 29-2260(2) to read as follows:
 Whenever a court considers sentence for an offender convicted of either a misdemeanor or a felony for which mandatory imprisonment is not specifically required, the court may withhold sentence of imprisonment unless, having regard to the nature and circumstances of the crime and the history, character and condition of the offender, the court finds that imprisonment of the offender is necessary for protection of the public because. . .
As § 1 of LB 568 mandates imprisonment for each offense under Neb.Rev.Stat. § 39-669.07 (Reissue 1978), the amendment contained in § 3 of LB 568 would appear to deny a court sentencing a person found guilty of a Class W misdemeanor the option of placing that person on probation.
However, § 3 of LB 568 does not stand alone. Section 5 of LB 568 provides the following regarding each level of offense under § 39-669.07: `If the court places such person on probation or suspends the sentence for any reason. . .' (Emphasis added). This conflict between the language of § 3 and § 5 allows us to look to the legislative history of LB 568 to ascertain the legislative intent.
We believe a review of the legislative history strongly indicates that it was not the intention of the Legislature to deny courts sentencing persons found guilty of a violation of § 39-669.07 the option of sentencing persons to probation. Senator Nichol, in summarizing the effect of LB 568 on the floor of the Legislature, stated: `The judge can make a decision whether you should have probation or not, discuss it with you. We have to leave the judges something to do.' Floor Debate on LB 568, April 15, 1982.
Therefore, it is our opinion that the probation provisions of § 5 of LB 568 are available to the courts in sentencing persons found guilty of a violation of § 39-669.07
notwithstanding the language of § 3 of that bill.
Very truly yours,
PAUL L. DOUGLAS Attorney General
J. Kirk Brown Assistant Attorney General
APPROVED:
Paul L. Douglas
Attorney General